OPINION
Appellant Mia Willey is appealing her conviction, in the Guernsey County Court of Common Pleas, of one count of complicity to commit aggravated robbery and one count of failure to report a crime. The following facts give rise to this appeal.
The charges against appellant were the result of an incident that occurred on May 17, 1997. On this date, the Guernsey County Sheriff's Department received a 911 call from the residence of Leo Sinnett. The caller reported that Leo Sinnett was bleeding and apparently dead. Members of the Ohio State Highway Patrol overheard this conversation, on the radio, and thought this incident may be connected to a traffic stop Trooper Steve Stolarik and Sargent Vistra made earlier in the evening.
At trial, Trooper Stolarik testified that an hour and a half prior to the 911 call, he and Sargent Vistra made a traffic stop. The troopers noticed that a gentleman, in the stopped vehicle, was covered in blood. Trooper Stolarik also testified the vehicle was stopped coming from the Buffalo area going westbound away from Buffalo. Based upon these observations, Clarence "Skip" Roberts, Albert "Chip" Andrews, John LaFollette and Appellant Mia Willey became suspects. Through investigation, law enforcement officials learned that appellant and her accomplices went to Zanesville on Thursday, May 15, 1997, to purchase crack cocaine. According to John LaFollette, it was during this trip that Leo Sinnett's name was first mentioned. The participants first mentioned robbing him and subsequently discussed killing him.
Following the traffic stop by the troopers, Albert "Chip" Andrews turned himself in to the authorities for the murder of Leo Sinnett. The officers then began looking for Clarence "Skip" Roberts. The authorities received various reported sightings of Mr. Roberts. Some of these reported sightings were made by appellant. At trial, the state presented evidence that these sightings were false and were made to mislead the Sheriff's Department. After the arrest of Albert "Chip" Andrews and Clarence "Skip" Roberts, Teri McHenry, the sister of Clarence "Skip" Roberts, agreed to wear a wire and have a conversation with appellant. This was done as a result of certain statements appellant made, in the community, regarding the involvement of various individuals in the murder of Leo Sinnett.
Teri McHenry recorded six and one-half hours of tape. Appellant made incriminating statements on these tapes. Based upon these statements, the Guernsey County Grand Jury indicted appellant on one count of complicity to commit aggravated robbery and one count of failure to report a crime. Appellant waived her right to a jury trial and the trial of this matter, to the trial court, commenced on January 7, 1998. The trial court found appellant guilty, as charged, on January 10, 1998. On March 2, 1998, the trial court sentenced appellant to a term of five years on the charge of complicity to commit aggravated robbery and thirty days on the charge of failure to report a crime. The trial court ordered the sentences to be served concurrently. The trial court also imposed a mandatory fine of $15,000.
Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPELLANT'S CONVICTION FOR CONSPIRACY TO COMMIT ROBBERY AND FAILURE TO REPORT A CRIME MUST BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING THE CONVICTION WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTIONS BEYOND A REASONABLE DOUBT.
II. DEFENDANT-APPELLANT WAS DENIED EFFECTIVE COUNSEL.
 I
Appellant contends, in her first assignment of error, that her conviction must be reversed because it is against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency of the evidence, a reviewing court is to examine the evidence, at trial, to determine whether such evidence, if believed, would support a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259. On review for manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins
(1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based upon these standards of review that we address appellant's first assignment of error.
Appellant sets forth several arguments in support of this assignment of error. First, appellant maintains the state's case is against the manifest weight and sufficiency of the evidence because it is based on circumstantial evidence. "In Ohio, circumstantial evidence is sufficient to prove the essential elements in a criminal case." State v. Hopfer (1996), 112 Ohio App.3d 521,558. "The only notable exception to this principle is where the inference between the facts proven and the facts sought to be proven is so attenuated that no reasonable mind could find proof beyond a reasonable doubt." Id., citing State v. Griffin
(1979), 13 Ohio App.3d 376, 377-378.
This did not exist in the case sub judice. In its decision, the trial court relied heavily upon the taped statements made by appellant to Teri McHenry. These statements, by appellant, supported the facts sought to be proven by the state and were not so attenuated that no reasonable mind could find proof beyond a reasonable doubt.
Appellant next maintains the state failed to establish a "substantial overt act" as required by R.C. 2923.01(B). This statute provides:
 (B) No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by the accused or a person with whom the accused conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of a character that manifests a purpose on the part of the actor that the object of the conspiracy should be completed.
Appellant challenges the evidence the state introduced concerning the conversation the four occupants had while on their way to Zanesville. Appellant maintains that the three men were intoxicated and were in no condition from which their testimony could be believed. Appellant also maintains the use of the word "rolled", while on their way to Zanesville, referred to getting back at the person who sold them bad "stuff". Appellant contends Sinnett's name was not mentioned in connection with the use of the term "rolled". The trial court found the state established a "substantial overt act", on appellant's behalf, based upon the testimony of Jack Siddle and Terry Tracey concerning appellant's statements to them. See Vol. I at 208, 139-140. Appellant discussed robbery when she made these statements even though, shortly after the investigation began, there was no mention of robbery. See Tr. Vol. I at 120-121. Further, as noted above, the tapes clearly incriminate appellant and establish her involvement in this crime. We find this evidence establishes appellant did perform a "substantial overt act" upon which to base her conviction for conspiracy.
Appellant also contends the state failed to prove she had a motive to be a part of the conspiracy. The state argued, at trial, that appellant wanted to get some money back that she loaned to Clarence "Skip" Roberts and Albert "Chip" Andrews. Appellant points to the fact that at the time of Sinnett's murder, she was employed and had a bank account and therefore, had no need to be involved in a robbery. "The state * * * [has] no obligation to prove motive in any case, although the existence of motive may go far towards explaining an offense or placing certain actions in context." State v. Stoudemire (1997), 118 Ohio App.3d 752,762-763. Therefore, whether or not the state proved appellant's motive, at trial, is irrelevant to whether the trial court's judgment is supported by the sufficiency and weight of the evidence.
Finally, appellant maintains the statements contained in the transcript of the six and one-half hours of tape recordings, between appellant and Teri McHenry, were taken out of context. Although appellant makes this claim, she fails to establish how these statements prejudice her by showing in what context these statements should be interpreted.
Based upon the above, we find the trial court did not clearly lose its way and create a manifest miscarriage of justice such that appellant's conviction must be reversed and a new trial ordered. We also find the trial court's judgment is supported by the sufficiency of the evidence as this evidence, if believed, would support appellant's conviction. Appellant does not set forth any arguments in support of her contention that her conviction for failure to report a crime is against the manifest weight or sufficiency of the evidence and therefore, we will not address this issue.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant maintains she was denied effective assistance of counsel. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. It is based upon this standard that we review appellant's second assignment of error.
In support of this assignment of error, appellant maintains her defense counsel failed to mount any defense against the tapes admitted into evidence, failed to file a motion to suppress and failed to object to the admission of the four-page summary of the tapes. Appellant also cites to the fact that she was dissatisfied with counsel's performance, during the trial of this matter, and at one point attempted to fire defense counsel.
The record of this matter indicates defense counsel filed a motion in limine, to exclude the tapes in question, on December 9, 1997. The trial court overruled appellant's motion on December 23, 1997. Further, defense counsel was aware of the content of the tapes as he had reviewed these tapes prior to trial. The four-page document was merely a summary of these tapes. Finally, although appellant attempted to fire defense counsel, on February 3, 1998, following the trial of this matter, the trial court denied appellant's request, by judgment entry, on February 23, 1998. The trial court determined that defense counsel's representation of appellant did not fall below an objective standard of reasonable representation. We agree with the trial court's analysis.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.